UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD RANDALL, JR.<br><br>*Plaintiff,*<br><br>v.<br><br>PLASTERER'S UNION LOCAL 8 BENEFIT FUND<br><br>*Defendant.* | Case No. 3:22-cv-00243-(PGS)-(RLS)<br><br>**MEMORANDUM AND ORDER** |

This motion is before the Court by way of Plaintiff Donald Randall Jr.'s Motion for Summary Judgment (ECF No. 32) and Defendant Plasterer's Union Local 8 Benefit Fund's Cross Motion for Summary Judgment (ECF No. 33). Oral argument on these motions was held on January 8, 2024. After oral argument, the parties submitted letter briefs on January 22 and 29, 2024.

After reviewing the record, hearing oral argument, and reviewing the letter briefs, the Court believes that the Pension Plan acted arbitrarily and capriciously in failing to investigate the disability onset date change on Randall's Social Security Administration application upon which the Pension Plan based its determination. However, given the genuine dispute of material fact surrounding this date, both

1

motions are **DENIED** (ECF Nos. 32, 33), and the matter is remanded to the Plan Administrator for further fact finding.

### I.

The Court recites the facts—disputed and undisputed—below.

Plaintiff Donald Randall, Jr. (hereinafter, "Plaintiff" or "Randall"), was a member of the Plasterers' and Cement Masons Union Local 8 at the time of his employment, although the commencement date of his membership is in dispute. (ECF No. 36-1 at ¶ 2). During this period, Plaintiff was a Participant in the Plasterer's Local 8 Pension Plan ("Pension Plan" or "Defendant). (ECF No. 36-1 at ¶ 5). While a member of Local 8, Plaintiff accrued 11.5 Pension Credits in the Pension Plan. (ECF No. 36-1 at ¶ 9).

While working on February 16, 2016, Randall states that he slipped and fell on icy concrete stairs, injuring his lower back and right shoulder. (ECF No. 36-1 at ¶ 6). Defendant contests that the Administrative Record reflects this. (*Id.*). However, in Defendant's Letter Brief (ECF No. 42), Defendant notes that Defendant "does not dispute that Mr. Randall is disabled and acknowledges that he was injured at work in February 2016." (ECF No. 42 at 2 (emphasis in the original)).

Randall states that because of the incident at work, he had three back and shoulder surgeries; these surgeries included lumbar fusion surgery as well as other medical treatments and therapy. (ECF No. 36-1 at ¶ 7). Defendant similarly contests

2

that the Administrative Record reflects this. (*Id.*).

Plaintiff states that the Administrative Record indicates that his treating physicians assessed that he was totally and permanently disabled due to the February 2016 accident. (ECF No. 32-1 at ¶ 10). Defendant contests that the Administrative Record demonstrates this. (ECF No. 36-1 at ¶ 10).

On June 27, 2018, Randall applied for disability benefits from the Social Security Administration (hereinafter, the "SSA"). (ECF No. 35-1 at ¶ 4). He received a fully favorable decision in a letter from the SSA dated June 23, 2020. (ECF No. 31-2 at AR00055). According to the SSA decision letter, Randall requested that his alleged disability onset date be amended to October 8, 2018. (*Id.* at AR00058). In this decision letter, the SSA also determined that Randall became disabled as of October 8, 2018 and was eligible for SSA disability benefits starting in April 2019. (ECF No. 35-2 at ¶ 4).

On July 24, 2020—pursuant to Section 4.4. of the Pension Plan—Randall submitted to the Pension Plan an application to receive disability retirement benefits. (ECF No. 35-1 at ¶ 5).

In relevant part, Section 4.4 of the Pension Plan provides the following:

b. A Participant who

> (1) while in Covered Employment, suffers a Permanent and Total disability;
> and
> (2) has completed at least five (5) years of Service, and

3

>  (3) provides written proof that he is eligible for and is awarded a disability
> benefit under the provisions of the Social Security Act; and
> (4) makes proper application in writing to the Trustees,
> shall be eligible to receive a Disability Retirement Benefit. Such Disability Retirement Benefit shall begin effective as of the first day that he is eligible to commence receiving a disability benefit under the Social Security Act.

(ECF No. 32-1 at ¶ 15).

On September 2, 2020, after reviewing Randall's application, the Pension Plan denied Randall's application for a Disability Pension benefit. (ECF No. 35-1 at ¶ 6). The denial "was based on the fact that Randall last worked in Covered Employment in February 2016, and was found to be disabled by the SSA as of October 8, 2018." (*Id.*).

On November 15, 2020, Randall, through counsel, appealed the denial of his application in writing and provided supplemental exhibits related to his claims for workers' compensation and Social Security disability benefits (*Id.* at ¶ 7); these documents did not explain the change of the disability onset date on his SSA application from February 2016 to October 2018. On November 19, 2020, the Pension Plan acknowledged receipt of the appeal and scheduled the appeal to be heard at the February 2021 meeting of the Board of Trustees. (*Id.*). Largely, the appeal concerned the date of total disability, *i.e.*, the date change of February 2016 to October 2018.

The Trustees denied Randall's appeal at their February 2021 meeting accepting the SSA's disability onset date of October 2018 when Plaintiff was no longer an employee. (*Id.* at ¶ 9). More specifically, "the Trustees concluded that: a) Randall last

4

worked in Covered Employment in February 2016; b) Randall was found to be disabled by the SSA as of October 8, 2018; and c) Because Randall was not in Covered Employment as of October 8, 2018, the date he was found to be disabled by the SSA, Randall is not eligible for a Disability Retirement Benefit under the Plan." (*Id.* at ¶ 9).

Randall filed the underlying Complaint in this action nearly a year later on January 10, 2022. In that Complaint, Plaintiff states that he has not worked since the February 2016 incident but does not explain why SSA found disability began on October 2018. (ECF No. 32-2 at 2).

At January 8, 2024's oral argument, several questions arose. The first question was why Plaintiff amended his disability onset date on his SSA application. Next, the Court questioned whether it could remand this case for further fact-finding to the Pension Plan. The Court requested additional briefing on the same.

Surprisingly, appended to Plaintiff's letter brief was Plaintiff's Certification explaining why he amended his disability date in his application to the Social Security Administration. Plaintiff wrote:

> I was contacted directly by the assigned Social Security Administration's Administrative Law Judge and was directed to amend the disability onset date to October 18, 2018,[1] in order to be approved

---

[1] Here, Plaintiff's Certification writes that the disability onset date in the SSA application was October 18, 2018. The Court believes that this a typographical error given both that, in the next paragraph, Plaintiff writes that the SSA application disability onset date was October 8, 2018 and the extensive factual record detailing that October 8, 2018 was the amended SSA disability onset date. (*See* ECF No. 31-2 at 58).

5

> for disability benefits. I was informed by the Administrative Law Judge that the change in disability onset date was necessary due to my receiving workers compensation benefits for two years following my Accident, and thus I could not be approved for Social Security Disability benefits during that time period.

ECF No. 43-1 at ¶ 7. Accordingly, Plaintiff amended his application and was approved for disability benefits under the Social Security Act as of October 8, 2018.

In terms of the second question, the parties agree that a case can only be remanded if the determination of the Pension Plan is found to be arbitrary and capricious.

## II.

### a. *Summary Judgment Standard*

A motion for summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020), *amended by*, 979 F.3d 192 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* "The Court must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 255). Moreover, summary judgment "is inappropriate when the evidence is

6

susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Wasserman v. Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (internal marks omitted). Where the moving party bears the burden of proof, the evidence presented in support of summary judgment must be "credible" and "entitled to a directed verdict if not controverted at trial." *Id.* at 237. "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." *Id.* at 238.

b. *ERISA Standard*

Section 502(a) of ERISA creates a civil cause of action for plan participants to "recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a); *see Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012). "To assert a claim under this provision, a plan participant must demonstrate that 'he or she . . . had a right to benefits that is legally enforceable against

7

the plan,' and that the plan administrator improperly denied those benefits." *Id.* (quoting *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006)). If a plan gives an administrator review and paying authority, there is a conflict of interest under *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). In such a case, "trust principles make a deferential standard of review appropriate, and a denial of benefits is reviewed under an arbitrary and capricious standard." *Brainbuilders, LLC v. Ocean Healthcare Mgmt. Grp. Benefit Plan*, No. 20-2495, 2023 WL 3167632, at *6 (D.N.J. Apr. 28, 2023) (internal citations omitted).

A denial decision is arbitrary and capricious "if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 845 (3d Cir. 2011) (citations omitted). This standard is narrow and does not allow a court "to substitute its own judgment for that of the [administrator] in determining eligibility for plan benefits." *Doroshow v. Hartford Life and Acc. Ins. Co.*, 574 F.3d 230, 234 (3d Cir. 2009).

### III.

In the first instance, there are genuine issues of material fact in this case. Namely, there is an issue as to why Randall changed the disability onset date on his SSA application. Indeed, this information did not seem to be known by any of the parties as neither Randall's Counsel nor Defendant's Counsel knew the reason for the date change at oral argument. It first came to light why such a change occurred in

8

Plaintiff's Certification appended to the supplemental briefing. (*See* ECF No. 43-1). As such, summary judgment is inappropriate.

This issue notwithstanding, the Pension Plan acted arbitrarily and capriciously by failing to investigate the reason for the change in Randall's disability onset date when evaluating Randall's application. Specifically, where the Pension Plan lacked such information—but seemed to base its entire decision upon that same date change— the Pension Plan should have inquired why Randall's onset date was changed and taken that information into consideration in its deliberations. Such a lack of information in light of the Pension Plan's arbitrary and capricious neglect in ascertaining this information in its review process requires that this matter be remanded to the Pension Plan for further review.

An appropriate order follows.

## ORDER

**THIS MATTER** having come before the Court on Plaintiff Donald Randall, Jr.'s Motion for Summary Judgment (ECF No. 32) and Defendant Plasterers' Union Local 8 Benefits Fund's Cross Motion for Summary Judgment (ECF No. 33); and the Court having carefully reviewed and considered the submissions of the parties; the arguments and exhibits therein presented; the arguments made at oral argument; for good cause shown; and for all of the foregoing reasons,

**IT IS** on this **19th** day of **March, 2024,**

**ORDERED** that Plaintiff's motion for Summary Judgment (ECF No. 32) is **DENIED** and it is further

**ORDERED** that Defendant's cross motion for Summary Judgment (ECF No. 33) is **DENIED**; and it is further

**ORDERED** that the motion is remanded to the Pension Plan for further deliberations; and it is further

**ORDERED** that the case is dismissed.

_____
PETER G. SHERIDAN, U.S.D.J.